# In the United States Court of Federal Claims

No. 17-835C
(Filed: October 17, 2017)
NOT FOR PUBLICATION

|   |   |   |
|---|---|---|
| A SQUARED JOINT VENTURE, | ) ) ) | |
| Plaintiff, | ) ) | Bid Protest; Motion to Supplement the Administrative Record. |
| v. | ) ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Pending before the court is the motion filed by A Squared Joint Venture ("A2JV") to supplement the administrative record (ECF No. 29). For the following reasons, A2JV's motion is **DENIED**.

I.  **BACKGROUND**

The details of this bid protest and its history have already been discussed in depth in this court's order denying the plaintiff's motion for a preliminary injunction (ECF No. 14). Briefly, this bid protest concerns the decision to eliminate A2JV from consideration under a solicitation issued by the National Aeronautics and Space Administration ("NASA"), Marshall Space Flight Center ("MSFC") for Acquisition and Business

Support Services ("ABSS"). The ABSS contract is a follow-on contract to a contract that was performed by one of the members of A2JV, Al-Razaq Computing Services ("Al-Razaq").

A2JV was disqualified from competition on the grounds that A2JV's proposal with Al-Razaq, as part of the joint venture, was tainted with potential organizational conflict of interest ("OCI"). The contracting officer ("CO") Ketela Helton disqualified A2JV upon learning that A2JV's proposal was prepared by two of Al-Razaq's program managers. Specifically, at issue in this motion is whether the record is sufficient for the court to review the CO's OCI disqualification decision.

II. **STANDARD OF REVIEW**

    a. Supplementation of the Administrative Record

Generally, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). The Federal Circuit has found "[t]he purpose of limiting review to the record actually before the agency is to guard against courts using new evidence to 'convert the 'arbitrary and capricious' standard into effectively *de novo* review.'" *Axiom Resource Mgt., Inc., v. United States,* 564 F.3d 1374, 1380 (Fed. Cir. 2009) (citation omitted). Specifically, "supplementation of the record should be limited to cases in which 'the omission of extra-record evidence precludes effective judicial review.'" *Id* (quoting *Murakami v. United States,* 46 Fed. Cl. 731, 735 (2000)).

Supplementation of the administrative record is allowed to accomplish effective judicial review but is "prohibit[ed] . . . when it seeks to address the legal issues before the

Court." *ViON Corporation v. United States*, 122 Fed. Cl. 559, 569 (2015) (citing *L-3 Commc'ns EOTech v. United States,* 87 Fed. Cl. 656, 672 (2009)). Additionally, the court will not supplement the administrative record with declarations that "proffer facts that substitute plaintiff's opinion for the [agency's] technical determinations . . . ." *RhinoCorps Ltd. Co. v. United States,* 87 Fed. Cl. 261, 282 (2009).

    b. Supplementation of the Administrative Record based on Bad Faith.

When a protestor alleges bad faith or bias, "the administrative record frequently will not be complete or suffice to prove or disprove the allegation." *Pitney Bowes Govt. Sols. v. United States,* 93 Fed. Cl. 327, 332 (2010). In order to demonstrate bad faith, the plaintiff must show a "'specific intent to injure the plaintiff.'" *Am-Pro Protective Agency, Inc. v. United States,* 281 F.3d 1234, 1240 (Fed. Cir. 2002) (citation omitted). However, government officials are presumed to have acted in good faith. *Id.* at 1239. In order to overcome this presumption, a protestor must provide "well-nigh irrefragable" proof that the government official acted in bad faith. *Id.* at 1239-40. A protestor may not rely on "innuendo or suspicion" alone to supplement the administrative record, the protest must identify "hard facts[.]" *Orion Intl' Techs v. United States*, 60 Fed. Cl. 338, 344 (2004) (quoting *CACI, Inc.-Fed. v. United States*, 719 F.2d 1567, 1579–82 (Fed. Cir. 1983)).

    c. Extra Record Support for Injunctive Relief

A court cannot evaluate "the parties' factual showings regarding the three equitable findings for injunctive relief without accepting post-agency-action evidentiary submissions." *RhinoCorps Ltd. Co. v. United States¸* 87 Fed. Cl. 261, 273 n.13 (2009). These evidentiary submissions, however, are not part of the administrative record, and

are intended to be reviewed after the court has decided the merits of a case based on the established administrative record.

## III.  DISCUSSION

A2JV wishes to supplement the administrative record with several declarations, documents, requested discovery of documents and requested depositions.  In support of its motion to supplement, A2JV has provided several rationales justifying the supplementation of the administrative record with these documents.  Each of the documents and the rationale for supplementing the administrative record, will be addressed by the court in turn.

>    a. Evidence that Langston Hunter and Ron Lentz never accessed sensitive information.

A2JV wishes to supplement the administrative record with three declarations, (1) Declaration from Faimata Iscandri President and CEO of Adventus (ECF No. 6), (2) Declaration from Langston Hunter (ECF No. 6), and (3) Declaration from Ron Lentz (ECF No. 6).  A2JV argues that these declarations are necessary for effective judicial review because it shows that A2JV did not have an OCI and thus CO Helton's decision to disqualify A2JV based on OCI was arbitrary and capricious. Pl.'s Mot. to Suppl. at 8.

The government argues that these documents are irrelevant to the controversy in this case. Def.'s Resp. at 4-5.  Specifically, the government explains that CO Helton disqualified A2JV from the competition "because of the involvement of Mr. Hunter and Mr. Lentz created an OCI based on unequal access to information – even if A2JV never took advantage of its access." *Id.* at 5.  Thus, the government maintains that any evidence

of whether or not Messrs. Hunter and Lentz accessed the sensitive information is irrelevant and will not assist the court. *Id.*

The court agrees with the government. As the court determined in its decision denying the plaintiff's motion for preliminary injunction, "A2JV's problem is with potential OCI not with actual OCI." Order July 28, 2017 at 14, ECF No. 14. Thus, these documents are not necessary for the court to conduct effective judicial review. Given this, the court denies A2JV's motion to supplement the administrative record with these documents.

    b. Evidence that A2JV did not have a reasonable opportunity to respond.

Next A2JV wishes to supplement the record with three declarations: (1) the Declaration from Faimata Iscandri (ECF No. 6), (2) the Declaration from Ibrahimm Iscandri (ECF No. 6) and (3) the Declaration from Langston Hunter (ECF No. 6), and a discovery request for documents explaining why CO Helton failed to provide A2JV a reasonable opportunity to respond to the disqualification as required by FAR 9.504(e). A2JV argues that these documents are necessary to show that CO Helton violated FAR 9.504(e) by not giving A2JV a reasonable opportunity to respond to her OCI concerns before she issued the disqualification decision. Pl.'s Mot. to Supp. at 9.

The government argues that these documents are not necessary for the court to conduct an effective judicial review. Def.'s Resp. at 5. The government asserts that adding this information will not assist the court in determining if A2JV had a reasonable opportunity to respond. *Id.*

The court agrees with the government. These documents are not necessary for the court to conduct an effective judicial review of the issues at hand. The question of whether A2JV was provided a reasonable opportunity to respond before CO Helton disqualified A2JV for OCI is a legal question that can be resolved on the record presently before the court. Either A2JV was given an adequate opportunity to respond under the FAR or it was not. Given this, the court denies A2JV's motion to supplement the administrative record with these documents.

    c. Evidence that A2JV's disqualification was unnecessary because the OCI could have been mitigated.

Next, A2JV wishes to supplement the administrative record with the Declaration from Ibrahim Iscandri (ECF No. 6) to demonstrate that A2JV's potential OCI could have been mitigated. A2JV argues that this document is necessary for effective judicial review because it demonstrates that CO Helton failed to follow the requirement of FAR 9.504(e). Pl.'s Mot. to Supp. at 9. Specifically, A2JV maintains that this evidence is necessary for the court to properly review CO Helton's determination that disqualification was necessary because A2JV's OCI could not be "avoided or mitigated." FAR 9.504(e). Pl.'s Mot. to Supp. at 9.

The government argues that this declaration should not be used to supplement the record because the assertions by Mr. Iscandri "consist entirely of non-evidentiary speculation about actions A2JV would have allegedly taken. . . ." Def.'s Resp. at 6. The government argues that CO Helton had "wide discretion in determining the proper

response to actual and potential OCI" and that A2JV is seeking to substitute its opinion for CO Helton's. *Id.*

The court agrees with the government. This document is unnecessary in assisting the court. First, Mr. Iscandri's statement serves no purpose other than to provide speculation as to how A2JV would have written its proposal differently had the CO raised concerns regarding potential OCI issues. Second, if CO Helton was required to provide documents or otherwise explain her rationale for concluding that A2JV's OCI could not be avoided or mitigated per FAR 9.504(e), the absence of that documentation would be the basis for A2JV's claim. Therefore, the court denies A2JV's motion to supplement the record with this document.

  d. Discovery relating to CO Helton's OCI Decision.

Next, A2JV wishes to supplement the administrative record with discovery of documents relating to (1) CO Helton's determination that Mr. Hunter and Mr. Lentz had or could have access to sensitive information, (2) CO Helton's analysis in determining that Mr. Hunter and Mr. Lentz's participation created an OCI, and (3) CO Helton's decision that A2JV's OCI could not be mitigated or resolved. Pl.'s Mot. to Supp. at 5-6. A2JV argues that these documents should be added to the administrative record because they will assist the court in determining if CO Helton complied with the requirement of FAR 9.504(d) and (e). *Id.*

The government argues that these documents are unnecessary for effective judicial review. In the government's response, the government states that the AR has "all documents in its possession relating to its analysis of A2JV's actual and potential OCI,

whether the analysis was conducted before, during or after the period for submitting proposals." Def.'s Resp. at 11.

The court agrees with the government, additional discovery is not necessary for the court to conduct effective judicial review of these issues. CO Helton's decision either succeeds or fails based on the documents in the record which contain her explanation. Thus, the court denies A2JV's motion to supplement the record with these documents.

> e. Evidence that CO Helton knew about Al-Razaq's participation, failed to act accordingly, and failed to comply with FAR 9.504(a)-(e) and FAR 9.506 (b) and (c).

A2JV wishes to supplement the record with (1) the Declaration from Langston Hunter (ECF No. 6), (2) requests to take the deposition of Procurement Representative Rita James, and (3) the discovery of documents regarding (i) identifying and resolving A2JV's OCI, (ii) the historical practice CO Helton based her decision in part on, (iii) the written analysis and approvals as required by FAR 9.506(b) and (c), and (iv) Ms. James response to Mr. Hunter notifying her that Al-Razaq would participate in A2JV's proposal. Pl.'s Mot. to Supp. at 5-6, 9-10. A2JV argues that these documents are necessary to demonstrate that CO Helton knew that Al-Razaq was participating in the solicitation and failed to act in compliance with FAR 9.504 (a)-(e) and FAR 9.506 (b) and (c) by failing to notify Al-Razaq of the potential OCI. *Id.*

The government argues that these documents are unnecessary for effective judicial review. First, the government asserts that NASA's knowledge that Al-Razaq was one of the companies that formed A2JV is undisputed and is irrelevant to the claims in this case because A2JV was disqualified not because Al-Razaq was participating but because

Messrs. Hunter and Lentz participated in the drafting of A2JV's proposal without providing written notice as required by the solicitation. Def. Resp. at 6. Second, the government argues that it has already provided all of the documents in its possession with the administrative record. Def.'s Resp. at 11. Finally, the government argues that there is no 'gap' in the administrative record because the provisions of the FAR cited by the plaintiff only require the CO to document decisions relating to significant potential OCI, which CO Helton did when she documented her decision in writing. Def.'s Resp. at 12.

The court agrees with the government. It is unnecessary to supplement the administrative record with these documents. First, it is not disputed that NASA knew that Al-Razaq was participating in A2JV's proposal. Second, if CO Helton was required to take action under the FAR with regards to this decision, the absence of any response by CO Helton would go to the merits of the case and is not appropriately considered in a motion to supplement the record. Therefore, the motion to supplement the record with these documents in denied.

    f.  Bad Faith and Bias

A2JV also seeks to supplement the record with several documents and requests for discovery, including requests to take depositions to demonstrate that CO Helton acted in bad faith in eliminating A2JV from the competition. Specifically, A2JV wishes to supplement the record with (1) the Second Supplemental Declaration form Langston Hunter (ECF No. 29) and its attachments, (2) the Declaration from Brigitte Jenkins (ECF No. 29) and its attachment, (3) the deposition of CO Helton, (4) the deposition of Mary Dobbins, and (5) the discovery of documents regarding (i) the minutes of the meeting

between CO Helton and Ms. Dobbins, (ii) the whistleblower retaliation complaint filed by Ms. Dobbins, and (iii) any communication between Ms. Dobbins and CO Helton. Pl.'s Mot. to Supp.

A2JV argues that it has pleaded sufficient facts to overcome the presumption that CO Helton acted in good faith. Specifically, A2JV points to its allegations that CO Helton mischaracterized her meeting with Ms. Dobbins, failed to comply with FAR Subpart 9.5, failed to discuss her concerns about A2JV's OCI prior to the disqualification, and "intentionally tried to shield Ms. Dobbins from being identified as the person Ms. Helton provided advice that was supposed to be passed on to Al-Razaq. Pl.'s Mot. at 14.

The government argues that A2JV has failed to provide "hard facts" that CO Helton acted in bad faith. Def.'s Resp. at 9. Specifically, the government maintains that "A2JV points to several innocuous facts about CO Helton's actions, and tries to extrapolate some sinister motive." *Id.* at 10. The government argues that A2JV has provided no hard fact showing that CO Helton had animosity toward A2JV or Al-Razaq, or that A2JV was treated differently than other bidders. *Id.*

The court agrees with the government. A2JV has not provided sufficient 'hard facts' to overcome the presumption that CO Helton acted in good faith. While A2JV's allegations may support a claim that CO Helton's decision was arbitrary and capricious or not in accordance with law, they are not strong evidence that CO Helton acted in bad faith. Therefore, because A2JV has failed to overcome the presumption that CO Helton

and other NASA officials acted in good faith, the motion to supplement the record with these documents is denied.

    g. Documents already in the record.

A2JV also wishes to supplement the record with the following documents which are already in the record: (1) Draft OCI avoidance plan submitted as part of A2JV's proposal (AR Tab 18 at 1004-13), (2) Al Razaq's OCI Plan (AR Tab 5 at 225-32), (3) Al Razaq's ABSS1's H.12 Contract Clause (AR Tab 5 at 74), (4) Position descriptions for the ABSS1 contract (AR Tab 4 at 215-224), (5) Email from Adventus to Rita James stating intention to bid (AR Tab 41 at 1659), (6) Email from Langston Hunter to Rita James about Mr. Hunter's planned attendance at the ABSS industry day (AR Tab 39 at 1656-7), and (7) A2JV's proposal for ABSS2 (AR Tab 18 at 712-844). Pl.'s Mot. to Supp. Because these documents are already in the administrative record, the motion to supplement the administrative record with these documents is denied.

    h. Documents relating to the propriety of injunctive relief.

Finally, A2JV wishes to supplement the record with (1) the Declaration from Idrisa Iscandri (ECF No. 11-1) and its attachment, (2) the Supplemental Declaration from Langston Hunter (ECF No. 11-1) and its attachments, and (3) the Second Supplemental Declaration from Langston Hunter (ECF No. 29) and its attachments. A2JV argues that these documents should be in the administrative record because they concern the propriety of injunctive relief. Pl.'s Mot. to Supp. at 10.

Although the court may look to evidence outside the administrative record to determine the propriety of injunctive relief, it is not proper to supplement the

administrative record with such documents. Therefore, the motion to supplement the administrative record with these documents is denied. If the court, after considering the case on the merits, finds that it must consider the propriety of injunctive relief, it will then consider these documents at that time.

## CONCLUSION

For the reasons stated above, A2JV has failed to meet its burden of showing that the administrative record should be supplemented by any of the documents listed in its motion, by the discovery of documents listed in its motion, or by the deposition of Ms. Helton, Ms. James, or Ms. Dobbins. The administrative record, as it presently exists, will allow for effective judicial review. Accordingly, A2JV's motion to supplement the administrative record is **DENIED**.

The parties shall have until **October 25, 2017** to submit a proposed schedule for resolving this case on the merits.

**IT IS SO ORDERED**.

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge