# In the United States Court of Federal Claims

No. 17-835C
(Filed: May 1, 2018)

|  |  |  |
|---|---|---|
| A SQUARED JOINT VENTURE, | ) ) ) | Motion for Reconsideration; |
| Plaintiff, | ) ) | Organizational Conflict of Interest; Questionable "hard facts." |
| v. | ) ) |  |
| THE UNITED STATES, | ) ) |  |
| Defendant. | ) ) |  |

*Joseph P. Dirk*, Dallas, TX for plaintiff.

*Borislav Kushnir,* Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., with who were *Chad Readler,* Acting Assistant Attorney General, *Robert E. Kirshman, Jr.,* Director, and *Douglas K. Mickle*, Assistant Director for the defendant. *Jerry L. Seeman*, National Aeronautics & Space Administration, Office of Chief Counsel, Washington, D.C., of counsel.

**ORDER ON MOTION FOR RECONSIDERATION**

**FIRESTONE**, *Senior Judge*

Pending before the court is the March 22, 2018 motion of plaintiff, A Squared Joint Venture ("A2JV")[1], under Rule 59 of the Rules of the United States Court of Federal Claims for reconsideration of this court's February 23, 2018 decision granting the United States' ("government") cross motion for judgment on the administrative record

---

[1] A2JV is a joint venture between Al-Razaq Computing Services and Adventus Technologies, Inc.

and denying A2JV's cross motion for judgment on the administrative record.  ECF No. 59.  For the following reasons, the plaintiff's motion is **GRANTED**.

On June 20, 2017, A2JV filed this bid protest action challenging the government's decision to disqualify A2JV from the procurement based on an organizational conflict of interest ("OCI").  Relevant to this motion for reconsideration, A2JV argued in its protest that the contracting officer's ("CO") decision that A2JV's proposal contained potential significant OCI because individuals who prepared A2JV's proposal had access to confidential business information of a potential competitor was not supported.  A2JV argued that the employees who prepared its proposal, who were also the former and current program manager of the predecessor contract and half of A2JV's partnership, had not availed themselves of this access and thus there were no "hard facts" to support the significant potential OCI finding.[2]  *Turner Const. Co., Inc. v. United States,* 645 F.3d 1377, 1385 (Fed. Cir. 2011) (To find OCI a contracting officer needs "hard facts" and not mere suspicion or innuendo.).

In agreeing with the government that A2JV was properly disqualified on the basis of potential significant OCI, the court accepted the CO's representations that A2JV's proposal was tainted because the employees who prepared the proposal had the authority during the execution of the predecessor contract to access confidential business

---

[2] In its briefing on the cross motions for summary judgment, A2JV also argued that the information in question was of no value because it was too old to be useful to A2JV.  This was shown by the government not to be true.

information of a potential competitor of A2JV.  The court assumed that the CO in stating that the employees had "access" to confidential business records of a potential competitor of A2JV that these employees had the right to access these records under the predecessor contract.  In its motion for reconsideration, A2JV argues that the court's assumption was not correct.  A2JV argued and the government concedes that the employees in question would not had any occasion to access the confidential business records of a potential competitor of A2JV because they were not overseeing that contract under the predecessor contract.

In this circumstance, the court finds that reconsideration is appropriate to ensure there are "hard facts" to support the CO's disqualification of A2JV.  Thus the court is remanding the CO's disqualification to the agency to confirm whether there was sufficient basis for finding that A2JV's proposal was tainted by potential significant OCI.  Therefore, pursuant to Rule 52.2 of the Rules of the Court of Federal Claims, this matter is **REMANDED** to the National Aeronautics and Space Agency, Marshall Space Flight Center.  The agency shall have until **May 15, 2018** to issue a new decision detailing the support, if any, for finding that A2JV's proposal had significant potential OCI.  The government shall submit to the court the agency's report along with a status report with proposed next steps no later than **May 18, 2018.**

**IT IS SO ORDERED**.

s/Nancy B. Firestone  
NANCY B. FIRESTONE  
Senior Judge