# In the United States Court of Federal Claims

No. 17-835C
(Filed: June 24, 2019)
**NOT FOR PUBLICATION**

|  |  |  |
|---|---|---|
| A SQUARED JOINT VENTURE, | ) ) ) | |
| Plaintiff, | ) ) | Motion to Dismiss; RCFC 12(b)(1); Bid Protest; Bid Cancellation; |
| v. | ) ) | Mootness; Ripeness. |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANT'S MOTION TO DIMISS**

Pending before the court is the motion of the United States to dismiss the first, second, third, fifth, seventh, eighth, and ninth prayers for relief (and related allegations) in plaintiff A Squared Joint Venture's ("A2JV") third amended complaint (ECF No. 130). At issue in this case are the actions taken by the National Aeronautics and Space Administration ("NASA") to procure a follow-on Acquisition and Business Support Services ("ABSS2") contract for the Marshall Space Flight Center ("MSFC"). *See* Compl. at ¶ 1 (ECF No. 1). A2JV originally filed this action on June 20, 2017, alleging that NASA's decision to disqualify A2JV's proposal from the ABSS2 competition for potential significant organizational conflicts of interest ("OCI") was arbitrary, capricious, an abuse of discretion, and not in accordance with the law. *Id.* After protracted litigation, this court determined that NASA's decision to reject A2JV's bid was arbitrary and

capricious because it was done without "hard facts" of potential significant OCI, and the court instructed the parties to submit briefing on the propriety and scope of injunctive relief.  Dec. 21, 2018 Order at 12-13 (ECF No. 113).

Before the parties had an opportunity to submit briefing on the propriety of injunctive relief, the government filed a status report on February 26, 2019 in which it informed the court that NASA had decided to cancel the ABSS2 procurement. Def.'s Status Report at 1-2 (ECF No. 120).  On March 12, 2019, NASA notified the ABSS2 offerors within the competitive range of the cancellation decision.  Def.'s Mot. to Dismiss, Ex.1 (ECF No. 131-1).

In a March 26, 2019 joint status report, A2JV informed the court that it "intends to challenge NASA's decision to cancel the ABSS2 procurement as arbitrary, capricious and contrary to law and propose[d] that the Court allow it to do so in this proceeding." Joint Status Report at 1, ¶ 4 (ECF No. 125). Thereafter, A2JV filed a motion for leave to amend its complaint (ECF No. 127), which was granted on April 10, 2019 (ECF No. 129).

On April 15, 2019, A2JV filed its third amended complaint.  *See* 3rd Am. Compl. In its third amended complaint, A2JV retains the allegations and seeks relief for the same claims that were part of its original protest together with new allegations  and claims for relief related to NASA's decision to cancel the ABSS2 competition. *See generally id.* The third amended complaint also challenges the possible actions NASA is considering once the incumbent contract ends.  *See id.* at ¶¶ 95-98.  A2JV asks the court to declare NASA's cancellation decision to be arbitrary and capricious, *id.* at ¶¶ 127(b), (c), and it

2

urges the court to enjoin NASA from obtaining the services sought by the ABSS2 procurement through other contracting vehicles and to allow A2JV to participate in a reinstated ABSS2 procurement.

The government argues that A2JV's prayers for relief regarding the cancelled ABSS2 procurement, set forth in the first, second, third, fifth, eighth, and ninth prayers for relief are moot and must dismissed.[1] The government also seeks dismissal of A2JV's seventh prayer for relief regarding NASA's anticipated post-cancellation actions on the grounds that the claim is not ripe.

For the reasons discussed below the court finds that the government's motion to dismiss various claims for relief of the complaint based on mootness is **GRANTED-IN-PART AND DENIED-IN-PART.** In addition, because A2JV clarified, at oral argument on the government's motion, that it is not seeking review of NASA's anticipated actions but is only seeking review of NASA's cancellation decision. A2JV  apparently does not now dispute that NASA's contemplated future action  is not ripe and therefore this portion of the government's motion is also **GRANTED**.

---

[1] Specifically, the government seeks to dismiss A2JV's claim for a declaration that (1) Contracting Officer ("CO") Helton's decision to disqualify A2JV from consideration for the ABSS2 contract was arbitrary and capricious, (2) the Willford statement confirming that A2JV had potential significant OCI was issued in bad faith or in the alternative was arbitrary and capricious, (3) A2JV should not be precluded from having its proposal for ABSS2 services considered a qualified response to the Request for Proposal for the ABSS2 contract, (4) NASA's decision to forego a competitive procurement rather than finalize an award for the ABSS2 contract was arbitrary and capricious or contrary to law, and (5) NASA must obtain the services sought through the ABSS2 procurement through competition. The government also seeks to dismiss A2JV's claims for injunctive relief seeking reinstatement of the ABSS2 procurement and A2JV's bid and for A2JV's bid to be considered on equal footing with other qualified bids.

**I.     STANDARD OF REVIEW**

In considering a motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the court "generally assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor." *Dynanet Corp. v. United States*, 139 Fed. Cl. 579, 585 (2018). But "[t]he plaintiff bears the burden of proving, by a preponderance of the evidence, that the court possesses subject matter jurisdiction." *Id.* (citing *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011)). If a defendant challenges the court's jurisdiction in a motion to dismiss under RCFC 12(b)(1), "the plaintiff must support [jurisdictional facts] by competent proof." *Id.* (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

**II.    DISCUSSION**

In its third amended complaint A2JV has retained its initial allegations regarding NASA's decision to disqualify A2JV from the now-cancelled ABSS2 procurement. *See, e.g.,* 3rd Am. Compl. at ¶¶ 43-67, 79-88. Based on these allegations, A2JV asks this court to declare that the disqualification of its proposal was arbitrary and capricious and not in accordance with law and that NASA may not eliminate A2JV from consideration in the ABSS2 competition. *Id.* at 31-32 (A2JV's first, second, third, eighth, and ninth prayers for relief). The government argues, as noted above, that because the ABSS2 procurement has been cancelled, A2JV's claims regarding the ABSS2 procurement must be dismissed as moot.

It is well-settled that "[i]n addition to establishing that the court possesses jurisdiction over a bid protest dispute, a plaintiff [in a bid protest case] must also meet the Article III justiciability requirements." *Square One Armoring Serv., Inc. v. United States*, 123 Fed. Cl. 309, 320-21 (2015). When a case becomes moot and is no longer justiciable, the court will dismiss it pursuant to RCFC 12(b)(1) for lack of subject-matter jurisdiction. *See B & B Med. Servs., Inc. v. United States*, 114 Fed. Cl. 658, 662 (2014) ("When a matter becomes moot, we lose subject-matter jurisdiction over it, and dismissal under RCFC 12(b)(1) is in order."); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 328 (2012) ("The mootness of a case is properly the subject of an RCFC 12(b)(1) motion."); *Harris Patriot Healthcare Sols., LLC v. United States*, 95 Fed. Cl. 585, 597 (2010). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Coastal Envtl. Grp., Inc. v. United States*, 114 Fed. Cl. 124, 129 (2013) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). In this connection, "a case becomes moot when it is unreasonable to expect that the alleged violation will recur, and interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Square One Armoring*, 123 Fed. Cl. at 324 (citing *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979)) (internal formatting omitted). "[W]here a defendant's actions have eliminated the possibility of meaningful relief, the case ordinarily should be dismissed as moot." *Id.* The United States Court of Appeals for the Federal Circuit in *Veterans Contracting Grp., Inc. v. United States*, 743 F. App'x 439 (Fed. Cir. 2018) (unpublished), recently dismissed an appeal in a bid

protest case as moot because the government had terminated the contract at issue. *Id.* at 440 (citing *Coastal Envtl. Grp.*, 114 Fed. Cl. at 131).

Recognizing that the court has previously ruled in favor of A2JV regarding NASA's arbitrary and capricious decision to disqualify A2JV from consideration for the ABSS2 procurement, the government argues that the "law of the case" ensures that the declarations A2JV seeks in its third amended complaint are unnecessary. With regard to A2JV's injunctive relief claims, the government contends that now that the ABSS2 procurement has been cancelled A2JV's claims to be considered for award under that procurement must be dismissed as moot. The government contends that if the court were to reinstate the ABSS2 procurement, A2JV could seek to refile its prayers for relief regarding a reinstated ABSS2 procurement, but until then the claims must be dismissed as moot.

A2JV, in response, argues that its allegations regarding NASA's actions in disqualifying A2JV and its claim for declaratory relief are not moot because these allegations are the predicate for its claim for bid preparation costs and are relevant in deciding the merits of NASA's cancellation decision. Regarding injunctive relief in connection with reinstatement of the ABSS2 contract, A2JV in its opposition to dismissal, asks the court not to dismiss but argues in the alternative, that if the claims are dismissed that they be dismissed without prejudice so that A2JV can reinstate the claims if it prevails on its challenge to the cancellation decision.

After considering the parties' arguments the court finds that A2JV's claims for declaratory relief regarding the cancelled procurement are not moot because A2JV still

has a claim for bid preparation costs and although the court's earlier ruling is essentially the "law of the case," it is still potentially subject to re-evaluation before a final judgment. Thus, until a final judgment is issued on the bid preparation costs and injunctive relief, plaintiffs' first and second prayers for relief are not moot. Put another way, the cancellation has not "completely and irrevocably eradicated the effects" of NASA's disqualification decision. The declaratory claims for relief in the first and second prayer for relief are still before the court. The court also reads the fifth prayer for relief as relating to the cancellation decision which is before the court and thus the request for declaratory relief in paragraph five is not moot. *See, Square One Armoring*, 123 Fed. Cl. at 324.

      The court agrees with the government that the third claim for declaratory relief regarding the ABSS2 contract is now moot. Specifically, a declaration regarding A2JV's right to submit a proposal for the cancelled ABSS2 contract is not properly before the court now that the procurement has been cancelled.

      With regard to A2JV's prayers for injunctive relief, the court finds that paragraph seven is not ripe, as discussed above. However, the court understands that A2JV now agrees it should read this request as only a challenge to the cancellation decision and in dismissing the request for relief as not ripe, the court is not precluding A2JV from arguing that the cancellation decision is not otherwise supported.

      Regarding the eighth and ninth prayers for relief, the request for an injunction to reinstate the ABSS2 procurement and A2JV's proposal, and the request for a new source selection process, the court agrees with A2JV's proposal in the alternative to dismiss

these requests for relief as moot but without prejudice. A2JV will be able to refile these requests for relief should the court find that cancellation of the ABSS2 contract is not supported and must be reinstated.

## CONCLUSION

For the reasons discussed above, the government's motion to dismiss is **GRANTED-IN-PART AND DENIED-IN-PART**. The parties shall file a joint status report by **Friday July 12, 2019** proposing next steps for resolving the outstanding issues regarding the ABSS2 cancellation.

**IT IS SO ORDERED**.

    s/Nancy B. Firestone
    NANCY B. FIRESTONE
    Senior Judge