# In the United States Court of Federal Claims

No. 17-835C
(Filed: January 28, 2020)*
*Opinion originally filed under seal on January 22, 2020

| | |
|---|---|
| A SQUARED JOINT VENTURE,　　　） | |
| 　　　） | |
| Plaintiff,　　　） | Preliminary Injunction; Motions for |
| 　　　） | Reconsideration; RCFC 59; RCFC 60 |
| v.　　　） | |
| 　　　） | |
| THE UNITED STATES,　　　） | |
| 　　　） | |
| Defendant.　　　） | |
| 　　　） | |

*Joseph P. Dirik*, Dallas, TX, for plaintiff.

*Borislav Kushnir*, Civil Division, United States Department of Justice, Washington, D.C., with whom were *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Douglas K. Mickle*, Assistant Director, for defendant. *Jerry L. Seemann*, National Aeronautics & Space Administration, Office of Chief Counsel, Washington, D.C., of counsel.

## OPINION

**FIRESTONE**, *Senior Judge*.

After protracted litigation before this court and the Government Accountability Office by this plaintiff and other offerors, this court on November 18, 2019 denied plaintiff A Squared Joint Venture's (A2JV) motion for judgment on the administrative record, which protested the National Aeronautics and Space Administration's ("NASA" or "agency") decision to cancel a procurement for acquisition and business support services at the Marshall Space Flight Center (MSFC). On November 19, 2019, judgment was entered in favor of defendant the United States (government) under Rule 58 of the

Rules of the United States Court of Federal Claims (RCFC).  On December 10, 2019 A2JV filed a motion for clarification or, in the alternative, for reconsideration, requesting that the court limit the scope of the judgment so that the court may conduct further proceedings on A2JV's claims for bid preparation costs and other relief.

A2JV also seeks reconsideration, under RCFC 59, of the court's opinion and order upholding NASA's cancellation decision and has filed a motion for preliminary injunction pending the court's decision on that reconsideration motion.  The motion for preliminary injunction requests that the court enjoin NASA and its replacement contractors from transitioning work away from the incumbent contractor, Al-Razaq Computer Services, one of A2JV's principals.  Although A2JV requests a hearing on its motions, Reply to Pl.'s Mot. for Prelim. Inj. at 1 n.1, ECF No. 168, the court has reviewed the parties' filings and has determined that oral argument is unnecessary, *see Hymas v. United States*, 141 Fed. Cl. 735, 740-41 (2019) (holding that the court has discretion over whether to hold oral argument, citing cases).

For the reasons discussed below, A2JV's December 17, 2019 motion for reconsideration is **DENIED** and its motion for preliminary injunction is **DENIED AS MOOT.**  However, because the court concludes based on the record in this case that A2JV may pursue its claims for bid preparation and proposal costs, A2JV's December 10, 2019 motion for clarification, or, in the alternative, reconsideration is **GRANTED**. The judgment entered on November 19, 2019 is **VACATED**.  The parties are directed to file a joint status report proposing further proceedings consistent with this opinion, as set forth below.

## I.   BACKGROUND

The background of this case is set forth in *A Squared Joint Venture v. United States (A2JV)*, 145 Fed. Cl. 676 (2019), and will not be repeated at length.  As relevant here, this case began as a challenge to NASA's decision to disqualify A2JV's proposal from a competition for acquisition and business support services (ABSS2 procurement) due to a potential significant organizational conflict of interest (OCI).  *See* Compl., ECF No. 1.  This court eventually determined that NASA did not establish the existence of potential significant OCI based on Al Razaq's incumbent status and asked the parties to brief the issue of appropriate injunctive relief.  *See* Order Granting in Part and Denying in Part Reconsideration of Second Remand Order at 12, ECF No. 113.

Rather than proceed with the ABSS2 procurement, on March 12, 2019, NASA decided to cancel the procurement.  *A2JV*, 145 Fed. Cl. at 679.  NASA's cancellation decision was based on NASA's long-term strategy of agency-wide contract centralization, the delay in awarding this center-specific contract for the MSFC, and the inability to procure only some of the services originally included in the ABSS2 competition.  *Id.* at 679-83.  In the cancellation decision, NASA's contracting officer identified several short-term options to fulfill MSFC's needs until an agency-wide contract is finalized, including continued performance by the incumbent Al-Razaq and another contracting vehicle managed at the Johnson Space Center (JSC Contract).  *Id.*

A2JV filed a third amended complaint on April 15, 2019, challenging NASA's cancellation decision, but also including its prior claims regarding the disqualification decision.  *See* Third Am. Compl., ECF No. 130.  The government filed a motion to

dismiss in part, arguing that A2JV's prayers for relief related to the disqualification decision and the cancelled ABSS2 procurement (the first, second, third, eighth, and ninth prayers for relief) were moot and that A2JV's claim regarding any anticipated post-cancellation actions by NASA (the seventh prayer for relief) was not ripe. *See A Squared Joint Venture v. United States*, No. 17-835C, 2019 WL 2591205, at *1 (Fed. Cl. June 24, 2019). The remaining claims challenged NASA's cancellation decision (the fourth, fifth, and sixth prayers for relief) and sought bid preparation and proposal costs, attorney's fees and costs, and "such other relief as the Court may deem just and proper" (the tenth, eleventh, and twelfth prayers for relief). Third Am. Compl. at 31-32. On June 24, 2019, the court declined to dismiss A2JV's claims for declaratory relief regarding NASA's decision to disqualify A2JV from the now-cancelled procurement (the first and second prayers for relief) "because A2JV still has a claim for bid preparation costs." *A Squared Joint Venture*, 2019 WL 2591205, at *3. The court dismissed as moot the third, eighth, and ninth prayers for relief, and dismissed as unripe the seventh prayer for relief. *Id.* Therefore, what remained before the court were A2JV's claims for declaratory relief regarding the disqualification decision, A2JV's claims regarding the cancellation decision, and A2JV's claims for bid preparation costs, attorney's fees, and other relief.

The court then issued a briefing schedule on motions for judgment on the administrative record that would "resolve the outstanding issues regarding cancellation of the ABSS2 procurement." Order at 1, ECF No. 141. In its briefs, A2JV claimed that NASA failed to consider various "important aspects of the problem" before cancelling the procurement, including the availability and the suitability of the JSC Contract. *See*

Pl.'s Mot. for J. on the Admin. Record at 12-15, 17-23, ECF No. 145; Pl.'s Resp. & Reply at 3 & n.3, ECF No. 149.

On November 18, 2019, the court denied A2JV's motion for judgment on the administrative record and granted the government's cross motion. *A2JV*, 145 Fed. Cl. at 678. The court determined that NASA did not fail to consider important aspects of the cancellation decision. *Id.* at 683-84. The court rejected A2JV's claims regarding the JSC Contract, holding that "A2JV's challenges regarding the possible use of the JSC Contract after exhausting Al-Razaq's ABSS1 contract are without merit." *Id.* at 684. The court directed that judgment be entered "consistent with this opinion." *Id.* at 685. The Clerk of the Court entered judgment in favor of the government on November 19, 2019 under RCFC 58. Judgment, ECF No. 154. The judgment did not address costs. *Id.*

On December 10, 2019, A2JV filed a motion for clarification or, in the alternative, for reconsideration of the scope of the court's November 18, 2019 opinion and order and November 19, 2019 judgment, pursuant to RCFC 59 and 60. A2JV argues that because its first, second, tenth, eleventh and twelfth prayers for relief in the third amended complaint are still pending before the court, the court should clarify or amend its ruling to permit the parties to litigate these outstanding issues. Pl.'s Mot. for Clarification at 1-2, ECF No. 158. A2JV contends that the most recent round of cross motions for judgment on the administrative record were limited to NASA's cancellation decision, and that the record in this case, including the hearing transcript of and the court's decision on the government's motion for partial dismissal, confirms that A2JV's remaining challenges regarding the disqualification decision would be dealt with after the cancellation

challenge was resolved.  *Id.* at 3-5.  If the court did intend to resolve all of the pending claims in this case, A2JV argues, then the court should reconsider its decision and permit A2JV to litigate its remaining claims.  *Id.* at 5-6.

On December 17, 2019, A2JV filed a second motion for reconsideration under RCFC 59, arguing that the court failed to rule on A2JV's arguments that NASA did not (1) provide a reasoned analysis of NASA's policy change to use the JSC Contract as a bridge for business support services, rather than Al-Razaq's incumbent contract, (2) consider potential OCIs resulting from the proposed use of the JSC Contract as a short-term strategy as required by the Federal Acquisition Regulation (FAR), and (3) consider the requirements of the Competition in Contracting Act (CICA) implicated by the proposed use of the JSC Contract (i.e., whether a competitive procurement would be required).  Pl.'s Mot. for Recons. at 2-9, ECF No. 160.

On December 22, 2019, A2JV filed a motion for a preliminary injunction[1] enjoining NASA from engaging in any activities transitioning the subject acquisition and business support services to other contractors until the court ruled on its December 17, 2019 motion for reconsideration.  A2JV argues that it is likely to succeed on the merits of its December 17, 2019 reconsideration motion.  Pl.'s Mot. for Prelim. Inj. at 6-7, ECF No. 162.  A2JV further argues that it will suffer irreparable harm if NASA transitions the acquisition and business support services away from its partner Al-Razaq before the court rules on the motion for reconsideration because it is possible that the now-cancelled

---

[1] A2JV also filed a request for a temporary restraining order, which the court denied.  *See* Order, ECF No. 163.

ABSS2 procurement will be reinstated and A2JV's ABSS2 proposal uses Al-Razaq's work force. *Id.* at 5-6. Finally, A2JV argues that the balance of harms and the public interest weigh in its favor. *Id.* at 7-9.

On January 6, 2020, the government filed a combined response to A2JV's motions for clarification and reconsideration. The government's combined response argues that the court should deny A2JV's motion for clarification or reconsideration because A2JV has waived any claim to bid preparation and proposal costs by failing to brief that issue in the most recent round of motions for judgment on the administrative record or earlier. Def.'s Combined Resp. at 5-7, ECF No. 164. The government further argues that A2JV's second motion for reconsideration should be denied because A2JV merely relitigates arguments that it has previously made and lost and that, even if they were considered, A2JV's arguments are baseless. *Id.* at 7-11.

On January 6, 2020, the government also filed a response to A2JV's motion for preliminary injunction. The government argues that the motion is procedurally improper because the court has already resolved the merits of the case. Def.'s Resp. to Pl.'s Mot. for Prelim. Inj. at 4, ECF No. 165. The government contends that A2JV is unlikely to succeed on the merits of arguments it has made and lost. *Id.* at 4-6. The government further argues that A2JV cannot establish that it will be irreparably harmed by NASA's transition to other contracting vehicles because that argument presupposes that NASA must reinstate the ABSS2 procurement, which is not a remedy available to A2JV. *Id.* at 6-8. Moreover, the government argues, the mere loss of employees is not the type of irreparable injury that mandates the imposition of a preliminary injunction. *Id.* at 8.

Finally, the government contends that the balance of hardships and the public interest weigh overwhelmingly in the government's favor. *Id.* at 9-10.

In reply in support of its motion for clarification, A2JV argues that it has not waived its right to seek bid preparation costs because the record in this case demonstrates that the most recent motions for judgment on the administrative record and the court's resulting opinion and order were limited to the cancellation issue. Reply to Pl.'s Mot. for Clarification at 1-3, ECF No. 167. In its reply in support of its motion for reconsideration, A2JV reiterates that the court failed to rule on its arguments, but that even if the court did implicitly rule on them, the court must reconsider its decision based on "manifest injustice and error." Reply to Pl.'s Mot. for Recons. at 1-3, ECF No. 166. Finally, A2JV in support of its motion for preliminary injunction replies by reiterating its prior arguments and adding that a preliminary injunction can issue at this stage of a bid protest. Reply to Pl.'s Mot. for Prelim. Inj. at 1-5.

## II.   DISCUSSION

### A.   A2JV's December 17, 2019 Motion for Reconsideration is Denied, and A2JV's Motion for Preliminary Injunction is Denied as Moot

The court turns first to A2JV's December 17, 2019 RCFC 59 motion for reconsideration of the court's November 18, 2019 opinion and order upholding the ABSS2 cancellation. "The three primary grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010) (internal quotation

marks and citation omitted).  Where a party seeks reconsideration on the ground of manifest injustice, it cannot prevail unless it demonstrates that any injustice is "apparent to the point of being almost indisputable." *Ideker Farms, Inc. v. United States*, 142 Fed. Cl. 222, 226 (2019) (internal quotation marks and citation omitted).  Such motions "must be supported by a showing of extraordinary circumstances which justify relief," and "[c]ourts must address [them] with exceptional care." *Castillo v. United States*, 140 Fed. Cl. 590, 599 (2018) (internal quotation marks and citations omitted).

A motion for reconsideration "is not intended to permit a party to retry its case when it previously was afforded a full and fair opportunity to do so." *Id.* at 598.  The motion "should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Del. Valley Floral Grp.*, 597 F.3d at 1384 (internal quotation marks and citation omitted).  A court "will not grant a motion for reconsideration if the movant merely reasserts arguments previously made all of which were carefully considered by the court." *Ideker*, 142 Fed. Cl. at 226 (internal quotation marks, alterations, and citation omitted).

Applying these standards, the court must deny A2JV's December 17, 2019 motion for reconsideration.  In that motion, A2JV argues that NASA cancelled the ABSS2 procurement in part because of its decision to use the JSC Contract as a short-term solution at MSFC.  Pl.'s Mot. for Recons. at 3-4.  A2JV claims that NASA did so without considering three "important aspects of the problem" with using the JSC Contract: (1) a "policy change" from using the incumbent contract, (2) potential OCI issues in using the JSC Contract, and (3) potential CICA issues in using the JSC Contract.  *Id.*  A2JV argues

that the court, in turn, did not "carefully consider" these arguments in ruling on the parties' cross motions for judgment on the administrative record and that, therefore, reconsideration is appropriate on the ground of manifest error and injustice. *Id.* at 3-9.

As A2JV itself recognizes, A2JV already raised these three arguments in its motion for judgment on the administrative record. *Id.* at 2 (noting "these three arguments were made by Plaintiff and before the Court"). A2JV nevertheless contends that reconsideration is warranted because the court did not "carefully consider" these three matters. *Id.* at 3-9. The court disagrees. In its November 18, 2019 decision, under the subheading "[The Contracting Officer] Did Not Fail to Consider Important Aspects of the Cancellation Decision," the court explained that the JSC Contract was one post-cancellation option available to NASA, and that the contracting officer "was not required to address the 'pros and cons' of various [post-cancellation] procurement choices before reaching his cancellation decision." *A2JV*, 145 Fed. Cl. at 683-84. Rather, the court held, the contracting officer "was required only to set forth a general approach to a new acquisition plan, which he did." *Id.* at 684. The court further explained that the contracting officer "made a technical judgment about MSFC's needs when he concluded that the JSC contract was available" as a short-term solution and that, pursuant to relevant case law, the court would not "substitute its judgment for that of" the contracting officer. *Id.* Moreover, as explained by the court, "which post-cancellation procurement mechanism is best may be challenged when a specific procurement mechanism is implemented by NASA." *Id.* Although it did not specifically identify A2JV's three arguments, the court's holding fully addressed and rejected all of A2JV's arguments

10

regarding the JSC Contract.  Reconsideration based on these arguments is therefore denied.  *See Del. Valley Floral Grp.*, 597 F.3d at 1384.

A2JV argues that even if the court indirectly ruled on the three arguments it identifies in its motion for reconsideration, the court erred by stating that A2JV "had identified only one important aspect of the problem based on substantive law" because A2JV had also identified the APA, the FAR, and CICA as substantive areas of law. Reply to Pl.'s Mot. for Recons. at 3, 6.  It is true that, in its decision, the court held that A2JV had identified only one possible source of substantive law – an overview of strategic sourcing within NASA's procurement office's implementation plan – that the contracting officer was potentially required to consider before cancelling the procurement.  *A2JV*, 145 Fed. Cl. at 683-84.  The court held that the contracting officer was not required to address the issues in the implementation plan before cancelling the procurement.  *Id.*  But the court then went on to hold, as described above, that "[c]ontrary to A2JV's argument," the contracting officer *also* considered all he was required to consider in connection with the JSC Contract in his cancellation decision.  *Id.* at 684.  The court considered and rejected A2JV's arguments regarding other sources of substantive law and the decision to use the JSC Contract when it made this holding. A2JV has therefore failed to demonstrate "indisputable" error or injustice based solely on the court's statement that A2JV identified only one possible source of substantive law that the contracting officer was required to consider.  *Ideker*, 142 Fed. Cl. at 226. Because A2JV's motion for reconsideration simply reiterates arguments already made and lost, reconsideration is not warranted.  *Id.*

Turning next to A2JV's motion for preliminary injunction, that motion seeks a preliminary injunction pending the court's decision on A2JV's December 17, 2019 motion for reconsideration.  Pl.'s Mot. for Prelim. Inj. at 1, 6-7.  Because the court has denied A2JV's December 17, 2019 motion for reconsideration, A2JV's motion for preliminary injunction is denied as moot.

### B.    A2JV's Motion for Clarification, or, in the Alternative, Reconsideration is Granted

A2JV also moves for clarification or reconsideration under RCFC 60 and 59 regarding the scope of the court's November 18, 2019 opinion and order and its November 19, 2019 judgment under RCFC 58.  A2JV argues that the court erred in issuing a final judgment in this case because its claims for bid preparation costs and other relief related to NASA's pre-cancellation decision disqualifying A2JV's ABSS2 proposal are still pending.  Pl.'s Mot. for Clarification at 1-2.  As such, A2JV argues that it is entitled to clarification of the scope of the court's opinion and judgment, or reconsideration under RCFC 60(a) or 60(b) (presumably for "mistake," *see* Pl.'s Mot. for Clarification at 5; Reply to Pl.'s Mot. for Clarification at 1 n.2), or RCFC 59.

After considering the parties' arguments and the record in this case, the court has determined that it erred in issuing judgment under RCFC 58 following the court's November 18, 2019 opinion and order because A2JV's claims for bid preparation and proposal costs in connection with NASA's disqualification decision were still pending at the time the court issued that decision.  When this court granted in part the government's motion to partially dismiss the third amended complaint, the court declined to dismiss the

first and second prayers for relief, in which A2JV sought a declaration that NASA's decision to disqualify ASJV's proposal from the ABSS2 competition was arbitrary and capricious. *A Squared Joint Venture*, 2019 WL 2591205, at *3. The court concluded that dismissal was premature because at that time "A2JV still [had] a claim for bid preparation costs." *Id.* The court went on to state, "Put another way, the cancellation has not 'completely and irrevocably eradicated the effects' of NASA's disqualification decision." *Id.* The court therefore intended that A2JV be permitted to pursue bid preparation costs based on the disqualification decision.

The record also reflects that the court intended that A2JV be permitted to pursue bid preparation costs following the court's decision on the cancellation issue. At the June 17, 2019 hearing on the government's motion for partial dismissal, counsel for the government suggested that "once the Court resolves the cancellation question and issues a final judgment, at that point we can certainly discuss whether bid protest costs are appropriate." June 17, 2019 Hr'g Tr. 6:17-20, ECF No. 147. The court also suggested that "any relief that's been granted with regard to the initial decision to reject [A2JV] as arbitrary and capricious, that that still . . . remains viable . . . to be dealt with after we rule on the – whether or not the cancellation decision is justified." *Id.* at 18:6-11. The court further stated that following its ruling on the motion to dismiss the parties would brief the "cancellation decision," but did not mention bid preparation costs. *Id.* at 18:16-18, 22-24.

The briefing order on the most recent motions for judgment on the administrative record also indicates that those motions would deal with the cancellation decision only. That order stated that briefing would "resolve the outstanding issues regarding

cancellation of the ABSS2 procurement." Order at 1, ECF No. 141.  Thus, considering

the record of this case as a whole, the court concludes that A2JV's claims for bid

preparation costs, attorney's fees, and other relief under the first, second, tenth, eleventh,

and twelfth prayers for relief in the third amended complaint are still before the court.  To

the extent the November 19, 2019 judgment is a "final" judgment, that final judgment

was entered in error.  A2JV is therefore entitled to relief under RCFC 60.  *See CNA Corp.*

*v. United States*, 83 Fed. Cl. 1, 7-8 (2008) (allowing protestor to pursue bid preparation

costs following judgment, noting that RCFC 60(a) and 60(b) permit the court to provide

relief from judgment based on "[c]lerical mistakes" or "mistake" of the court).

The government argues that A2JV has waived its claim for bid preparation costs

because it did not brief its request for bid preparation costs during the most recent round

of motions for judgment on the administrative record or earlier.  According to the

government, A2JV "knowingly waived" any claim to bid preparation and proposal costs

by choosing not to do so.  Def.'s Combined Resp. at 6.  For the reasons discussed above,

the court disagrees.  Based on the court's prior decision and orders, A2JV reasonably did

not brief the issue of bid preparation costs in connection with the initial disqualification

decision and did not knowingly waive the issue.  A2JV's motion for clarification or, in

the alternative, reconsideration is therefore granted.  Because the court erred in issuing

the November 19, 2019 judgment, the court will vacate that judgment in order to clarify

the record to reflect that a judgment has not been entered in this case.[2]  As discussed

above, however, the court has denied A2JV's motion for reconsideration of the court's

---

[2] The court did not intend to issue a judgment under RCFC 54(b) and does not do so now.

November 18, 2019 order and opinion regarding the agency's cancellation decision.

Although the November 19, 2019 judgment is vacated to clarify the record, the

November 18, 2019 order and opinion still stand.

## III.   CONCLUSION

For the foregoing reasons, A2JV's December 17, 2019 motion for reconsideration

is **DENIED.**  A2JV's December 22, 2019 motion for preliminary injunction is **DENIED**

**AS MOOT.**  A2JV's December 10, 2019 motion for clarification or, in the alternative,

reconsideration is **GRANTED.**  The Clerk is directed to **VACATE** the judgment issued

on November 19, 2019.  The parties shall submit a joint status report by **January 31,**

**2020,** setting forth a schedule to govern further proceedings in this litigation.  Those

proceedings shall be limited to the bid preparation and proposal costs and attorney's fees

and other costs claims not dismissed or disposed of by the court, arising under the first,

second, tenth, eleventh, and twelfth prayers for relief in the third amended complaint.

**IT IS SO ORDERED**.

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge